IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CORY LEWIS,** | : CIVIL ACTION NO. 1:24-CV-425 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **JESSICA JO WELCH**, *et al.*, | : |
| **Defendants** | : |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983.  Plaintiff, Cory Lewis, alleges that Pennsylvania state government employees are violating his rights by incarcerating him beyond the maximum term of his criminal sentence.  We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and will dismiss it without prejudice for failure to state a claim upon which relief may be granted.  Lewis will be granted leave to file an amended complaint.

**I.  Factual Background & Procedural History**

Lewis filed his complaint on March 12, 2024.  (Doc. 1).  The complaint alleges that "PA State Parole put a detainer" on Lewis that "holds" him past his "already computed max."  (Id. at 4).  The complaint makes the following allegations in support of this assertion:

> DC/6E – sentence status summary version: 3 (did not receive first two versions); in which it states I'm a PUP parole violator pending, which is also incorrect.  I was sentenced 2/2/2024 on 2 ungraded misdemeanor which I received 18 months probation.  My first, fourth and fourteenth constitutional amendment rights are being violated.  This will be the third time my maximum will be changed on the same sentence.

(Id. (internal capitalization omitted) (all errors in original)).  Lewis seeks immediate release from prison and monetary damages.

## II.   Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   **(A)** the allegation of poverty is untrue; or
   **(B)** the action or appeal—
      **(i)** is frivolous or malicious;
      **(ii)** fails to state a claim on which relief may be granted; or
      **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III. Discussion

Lewis brings his constitutional claims under 42 U.S.C. § 1983.[3] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

We will dismiss Lewis's claim seeking release from prison because it is not cognizable in a civil rights action and must instead be pursued through a petition for writ of habeas corpus. See, e.g., Hope v. Warden York Cnty. Prison, 972 F.3d

---

[3] The complaint erroneously asserts that Lewis's claims are filed pursuant to the Federal Tort Claims Act rather than Section 1983. (See Doc. 1 at 1). The FTCA is only applicable to tort actions brought to hold the United States liable for the actions of federal employees and does not apply to claims asserted against state government officials. See, e.g., CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008) (noting that the United States is the only proper defendant to an FTCA claim). We liberally construe the complaint as asserting civil rights claims pursuant to Section 1983.

3

310, 323 (3d Cir. 2020) ("Where a petitioner seeks release from detention, habeas (not a § 1983 action seeking release) is proper.").[4]

The damages claim will also be dismissed. Prisoners alleging that defendants are violating their constitutional rights by detaining them beyond their maximum sentence dates must allege that: (1) defendants knew of a risk that the plaintiff would be detained beyond his maximum release date; (2) the defendants acted with deliberate indifference by failing to take action or taking inadequate action to remedy the situation; and (3) there was a causal connection between the defendants' alleged deliberate indifference and the plaintiff being detained beyond his maximum release date. Wharton v. Danberg, 854 F.3d 234, 241 (3d Cir. 2017) (citing Montanez v. Thompson, 603 F.3d 243, 252 (3d Cir. 2010)). It is unclear from the complaint's sparse factual allegations that Lewis has been detained beyond his maximum release date or that there is a risk that he will be. Moreover, Lewis fails to allege that any of the named defendants knew of such a risk, that they acted with deliberate indifference to that risk, or that there was a causal connection between their actions and Lewis being detained beyond his maximum sentence date.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, district courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cty., 515

---

[4] Hope additionally notes that "where a complaint seeks both damages pursuant to § 1983 and habeas relief, the damages action should be stayed while habeas is exhausted." Id. We find that a stay of this matter is not warranted because the complaint fails to allege sufficient factual matter to state a damages claim upon which relief may be granted.

F.3d 224, 245 (3d Cir. 2008).  We conclude that leave to amend is appropriate here because Lewis's damages claim is factually, rather than legally, deficient.

## IV. Conclusion

We will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.  Lewis will be granted leave to amend.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    April 2, 2024