IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CORY LEWIS,** | : | CIVIL ACTION NO. 1:24-CV-425 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JESSICA JO WELCH**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Cory Lewis, alleges that Pennsylvania state government employees are violating his rights by incarcerating him beyond the maximum term of his criminal sentence. The case is proceeding on Lewis's amended complaint. We have screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and will dismiss it without further leave to amend for failure to state a claim upon which relief may be granted.

### I.    Factual Background & Procedural History

Lewis filed his original complaint on March 12, 2024. (Doc. 1). The complaint alleged that "PA State Parole put a detainer" on Lewis that "holds" him past his "already computed max." (Id. at 4). The complaint made the following allegations in support of this assertion:

> DC/6E – sentence status summary version: 3 (did not receive first two versions); in which it states I'm a PUP parole violator pending, which is also incorrect. I was sentenced 2/2/2024 on 2 ungraded misdemeanor which I received 18 months probation. My first, fourth and fourteenth constitutional amendment rights are being violated. This will be the third time my maximum will be changed on the same sentence.

(Id. (internal capitalization omitted) (all errors in original)).  The court dismissed the complaint without prejudice on April 2, 2024, and granted Lewis leave to file an amended complaint.  (Docs. 6-7).  Lewis timely filed an amended complaint on April 22, 2024, and the court received and docketed it on April 26, 2024.  (Doc. 8).

The amended complaint makes a series of conclusory assertions about why defendants are liable to Lewis but does not allege any facts in support of these assertions.  (See Doc. 8).  According to the amended complaint, "[d]efendants knew of a risk that plaintiff would be detained beyond [his] maximum date; the defendants acted with deliberate indifference by failing to take action or taking inadequate action to remedy the situation[;] and there was a causal connection between the defendants' alleged deliberate indifference and the plaintiff being detained beyond his maximum release date."  (Id. at 3).  The complaint alleges that these conclusory assertions are supported by the "paperwork" attached to the amended complaint.  (Id. at 4).  The amended complaint further asserts that defendants engaged in "willful and wanton misconduct" and that they have an "assumption of duty" to protect Lewis.  (Id.)  The amended complaint seeks a declaration that defendants violated Lewis's rights and compensatory and punitive damages.  (Id. at 5).

## II.   Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  See 28 U.S.C. §

1915(e)(2);[1] 28 U.S.C. § 1915A.[2]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    **(2)** seeks monetary relief from a defendant who is immune from such relief.

### III. Discussion

Lewis brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

As the court noted in dismissing plaintiff's original complaint, (see Doc. 6 at 4), prisoners alleging that defendants are violating their constitutional rights by detaining them beyond their maximum sentence dates must allege that: (1) defendants knew of a risk that the plaintiff would be detained beyond his maximum release date; (2) the defendants acted with deliberate indifference by failing to take action or taking inadequate action to remedy the situation; and (3) there was a causal connection between the defendants' alleged deliberate indifference and the plaintiff being detained beyond his maximum release date. Wharton v. Danberg, 854 F.3d 234, 241 (3d Cir. 2017) (citing Montanez v. Thompson, 603 F.3d 243, 252 (3d Cir. 2010)).

Lewis's amended complaint does not allege any facts to show that defendants have violated his rights by detaining him beyond his maximum release date. Instead, he simply repeats, verbatim, the legal standard that the court previously

4

provided to state such a claim. (Compare Doc. 8 at 3, with Doc. 6 at 4). This "formulaic recitation of the elements of a cause of action" is not sufficient to state a claim upon which relief may be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint must offer more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" to satisfy the pleading requirements of Federal Rule of Civil Procedure 8. Id. (citing Twombly, 550 U.S. at 555).

The amended complaint asserts that its "attached paperwork" is sufficient to state a claim upon which relief may be granted. The court disagrees. The only exhibits attached to the amended complaint are several documents relating to the computation of Lewis's criminal sentence and his violation of parole. (See Doc. 8-1). Even assuming these documents can establish a risk that Lewis would be detained beyond his maximum release date, they cannot establish that defendants acted with deliberate indifference to that risk or that there was a causal connection between the defendants' deliberate indifference and the harm Lewis allegedly suffered. See Wharton, 854 F.3d at 241. The amended complaint will accordingly be dismissed for failure to state a claim upon which relief may be granted.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008). We will deny leave to amend as futile. Lewis has had multiple opportunities to state a claim upon which relief may be granted and has failed to do so.

**IV.    Conclusion**

We will dismiss the amended complaint without further leave to amend pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    May 2, 2024